IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD SNODGRASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-49-WHA |
| | ) | [WO] |
| | ) | |
| LIMESTONE CORRECTIONAL | ) | |
| FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Plaintiff Richard Snodgrass, an inmate incarcerated at the Houston County Jail in Dothan, Alabama. Plaintiff alleges he was raped at the Limestone Correctional Facility in August of 2019 because of a lack of security at the institution. Upon review of the complaint, the court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).[1]

### II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided

---

[1] Upon initiation of this civil action, Plaintiff filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

`

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Limestone Correctional Facility is within the jurisdiction of the United States District Court for the Northern District of Alabama.  The action about which Plaintiff complains occurred at a prison in the Northern District of Alabama. And it appears most material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

It is ORDERED that **on or before February 25, 2020**, Plaintiff may file an objection to the Recommendation.  Plaintiff is advised he must specifically identify the factual findings and legal conclusions contained in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Failure to file written objections to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 11th day of February 2020.

　　　　　　　　　　　　　　　　 /s/  Charles S. Coody
　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE